Allen, J.
As the witness relied on by the plaintiff stands alone, unsustained by any corroborating circumstance in the case, the question arises, to what weight is the answer in such circumstances entitled ? In Alam v. Jourdan, 1 Vernon 161. one of the earliest cases, the rule which has always been recognized since is laid *725 down, that where there is but one witness against the answer, the plaintiff cannot have a decree. In Pember v. Mathers, 1 Bro. Ch. R. 52. it is said, that where the defendant in express terms negatives the allegations of the bill, and the evidence is only of one person, there the court will neither make a decree nor send the case to a trial at law. In 2 Madd. Ch. Pract. 443. the rule is stated in these words: “ If the defendant positively, plainly and precisely denies an assertion in the bill, and one witness only proves it as positively, clearly and precisely as it is denied, no decree for relief can be made.” But it has been argued, that the rule giving to the answer the weight of evidence arises from the right of the plaintiff to call for a discovery; that this is the privilege of the plaintiff, and he may waive it: and a passage in Story’s Equity (vol. 2. p. 744.) is relied on to sustain this proposition. The reason on which the rule stands is there stated to be this: “ The plaintiff calls upon the defendant >tc answer an allegation of fact which he makes; and thereby he admits the answer to be evidence of that fact.” If this were the sole foundation of the rule, it would seem to follow that if, by calling upon the defendant to answer, the answer when made is admitted to be evidence of the fact, the plaintiff would be concluded by it.
Perhaps the origin of the rule is to be found in the civil law, which required the evidence of two witnesses as the foundation of a decree. Judge Story, in page 745. refers to the rule of the civil law, and observes, that “ these coincidences between the civil law and equity jurisprudence, if they do not demonstrate a common origin of the doctrines on this subject, serve at least to shew that they have a firm foundation in natural justice.” To whatever source the rule is traced, it is firmly established as one of the fundamental principles of a court of equity. It is the law of the forum, and all who apply to it for relief must submit to have *726 their causes tried according to its established modes of « procedure. It would be as competent for this court to remodel the whole doctrine of a court of equity in regard to pleadings and evidence, as to declare that in this particular case the defendant should be deprived of the benefit of his answer. The cases do not confine this privilege to answers to bills seeking a discovery. In truth the rule has no application to a mere technical bill of discovery, where no relief is prayed, but the discovery is required to be used in some trial at law : for there the plaintiff has his election to use the answer or not. The principle becomes of importance in those cases alone where an issue of fact is to be tried by the court. There are many cases, as of fraud, accident, and the like, where in truth the plaintiff may require no disclosure to make out his case, but equity alone has jurisdiction over the subject. In all such cases, according to the proposition now contended for, he may deprive the defendant of the advantage of his answer, by disclaiming the benefit of a discovery. Judge Story, in the same section to which reference has been made, states the rule, in conformity with the authorities before cited, in these words: “It is an invariable rule in equity, that where the defendant in express terms negatives the allegations of the bill, and the evidence is only of one person, affirming as a witness what has been so negatived, the court will neither make a decree nor send the case to be tried at law, but will simply dismiss the bill.” The bill must disclose the plaintiff’s case. The defendant, by the law of the court, may respond to these charges in his answer, and is entitled to the benefit of it. In the language of the lord chancellor in Pember v. Mathers, and of the rule as precisely laid down by the elementary writers, and by judge Story in the foregoing passage, where the defendant negatives the allegations of the bill, and the evidence is only of one person, the court will not make a *727 decree, nor send the case to a trial at law. The right to negative the allegations of the bill by his answer is his privilege, resulting from his position as defendant called on to answer and make up an issue, and the plaintiff cannot, by waiving a discovery, deprive him of it.
The case of Marks v. Morris, 2 Munf. 407. and the subsequent cases upon the same question, have decided nothing as to this point. The proposition now under consideration was not discussed or considered in any of them. But the .case of Gilliam v. Clay & others, 3 Leigh 590. does in effect establish a principle which is decisive of this matter, if the general rule is what I have supposed it to be. That was a bill exhibited by the obligor against the assignee of a bond and his trustees, to injoin a sale under the trust deed, and praying for general relief, on the ground of usury. The deposition of the obligee and assignor of the bond was taken, to prove the usury between the obligor and assignee, as alleged in the bill. It was argued, that an injunction might have been awarded only to stay the sale of the trust subject until the question of usury should be tried at law, and that the assignor could have no interest that a decree to that effect should be rendered for the obligor. The witness was held to be incompetent. Judge Carr, in delivering his opinion, in which the other judges concurred, remarked, that it made no difference as to the competency of the witness, whether it was a bill for final relief or not: that it would be carrying the principle of Marks v. Morris to a fearful extent, if the usury was to be proved in that transaction by evidence which would not be heard on a bill for relief: that before a court of equity should injoin the trustee, and send the assignee to sue at law on his bond, for the express purpose of enabling the obligor to establish usury and thereby get clear of the whole debt, it should be well satisfied that usury had *728 been practised; and that such conviction must be wrought by competent, disinterested testimony. This case, then, decides that the usury must be proved. The principle of Marks v. Morris was not permitted to control the rules of law as to the competency of the testimony, or to dispense with the necessity of proof. Proof being necessary, it can be offered but in the accustomed mode, upon an issue made up according to the forms of the court; and the weight of the testimony must be determined according to the rules applicable to other cases.
I think, therefore, that in this case, as there is but one witness against the answer, the decree dismissing the bill on that ground must be affirmed.
This renders it unnecessary to consider the other questions so elaborately argued. But for myself I may add, that the testimony does not, in my opinion, make out the usury; and that the case is not as strong as that of Selby v. Morgan, 3 Leigh 577. in which it was held that a transfer of bank stock, under the circurnstances there detailed, was a fair sale, and not a device to cover a usurious loan of money.
Baldwin, J. concurred.